**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1875

UNITED STATES,

Appellee,

v.

ULISES MATOS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

Before

Selya, Lynch and Lipez,
Circuit Judges.

Christopher R. Goddu, Assistant Federal Defender on brief for appellant.
Robert Clark Corrente, United States Attorney, Donald C. Lockhart, Assistant U.S. Attorney, and Kenneth P. Madden, Assistant U.S. Attorney, on brief for appellee.

July 15, 2005

**Per Curiam**.  Ulises Matos appeals from a sentence imposed following his guilty plea to seven drug trafficking and firearm counts.  He was sentenced as a career offender at the low end of the applicable guideline sentencing range, as recommended by the government pursuant to the terms of the plea agreement.  In his original brief, Matos argued that his sentence was invalid under Blakely v. Washington, 542 U.S. 296 (2004), because the facts that qualified him as a career offender had not been submitted to a jury and proved beyond a reasonable doubt.  While his appeal was pending, the Supreme Court decided United States v. Booker, 543 U.S. ___, 125 S.Ct. 738 (2005).  At our invitation, the parties filed supplemental briefs in light of Booker.  Matos concedes that the Blakely/Booker issues he raises on appeal were not preserved below.  Having considered his argument, we conclude that he failed to satisfy the standard set forth in United States v. Antonakopoulos, 399 F.3d 68 (1st Cir. 2005).

We turn to the dispositive issue: whether Matos has shown that there is a "reasonable probability that the district court would impose a different sentence more favorable to the defendant under the new 'advisory Guidelines' Booker regime." Id. at 75.  The comments made by the district court at sentencing work against Matos' claim.  The sentencing court found that Matos' criminal history was "way off the charts" and that his conduct in this case was "particularly heinous."  It specifically determined that the

-2-

sentence imposed was not too harsh, and that the government would have been justified in recommending a "much higher sentence." In imposing sentence, the court stated that "such a lengthy term is necessary in order to incapacitate this career drug dealer and to protect society from him."

In light of those statements by the sentencing court, Matos' reliance upon studies critical of the career offender guideline provision and his new claims of a troubled upbringing (directly contradicting his recounting of his childhood as reported in the presentence investigation report) are insufficient to demonstrate a "reasonable probability" that he would receive a more lenient sentence under the new advisory guidelines regime.

Matos' sentence is affirmed. See 1st Cir. R. 27(c).